## City of Granite City, Plaintiff in Error, v. Charles Ritchie, Defendant in Error.

1. FEES AND SALARIES—*clerk of city court.* Where there is no dispute about the number of days of service, a clerk of a city court elected in March, 1910, and immediately entering upon his duties is entitled to $6 a day under the Act of May 10, 1901, fixing the fees, and the Act of June 10, 1911, which states the fees shall be paid by the city.

2. FEES AND SALARIES—*clerk of city court.* Where plaintiff, elected clerk of city court in March, 1910, sues to recover per diem fees, he may invoke the Act of June 10, 1911, stating that such fees shall be paid by the city, since this act is not in violation of the constitutional provision which prohibits the increase or diminution of the fees, salary or compensation of municipal officers during their term of office.

Error to the City Court of Granite City; the Hon. J. M. BANDY, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 10, 1913.

HARRY FAULKNER, for plaintiff in error.

M. R. SULLIVAN, for defendant in error.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This suit was brought by defendant in error to recover from plaintiff in error for services which he claims he rendered to plaintiff in error, as clerk of the city court of Granite City.

Defendant in error was elected clerk of said court in March, 1910, and immediately entered upon the duties of his office and continued to perform the same up to and after the bringing of this suit. Defendant in error claims he served as such clerk for forty-five days and is entitled to recover six dollars per day for each day of such service.

No question is raised on this record of the election of defendant in error, nor of the number of days of service rendered by him.

The plaintiff in error opposes the claim on the ground, that the law, in relation to compensation for clerks of city courts which was in force at the time of defendant in error's election and which provided that clerks of city courts should be allowed the same fees as clerks of circuit courts, was inoperative, because the law failed to state by whom the payment should be made, and that the amendatory act relating to this subject could not apply, because it would be retroactive in its effect.

The act in reference to courts of record in cities, approved May 10, 1901, contained the following, to-wit: "There shall be elected, in like manner as judges are elected, for each of such courts a clerk who shall hold his office for a term of four years, and until his successor shall be elected and qualified.. He shall be commissioned, have the same powers, perform the same duties, be subject to the same liabilities, and be entitled to like fees as are now, or may hereafter, from time to time, be provided by law in regard to circuit clerks, in the county in which said city may be situated."

The act in reference to the fees of clerks of circuit courts, approved, June 10, 1909, provided as following, to-wit: "That the clerks of the Circuit Court in counties of the first and second class shall receive and be allowed at [as] a *per diem* fee for attendance upon said courts the sum of six dollars per day, and the clerks of the probate courts in counties of the second class shall be allowed the same *per diem* fee for attendance upon their respective courts as are now allowed to clerks of the county court and sheriffs in counties of the second class for such service."

The foregoing law in regard to circuit clerks' fees was in force at the time defendant in error was elected clerk of the City Court of Granite City.

It will be observed that while the legislature enacted a law allowing to clerks of city courts the same fees that were allowed to clerks of the circuit courts, it failed to state by whom such fees were to be paid.

In order, evidently, to obviate this difficulty and make it clear who was to be required to make the payment of such fees, the legislature on June 10, 1911, passed an amendment to the act of May 10, 1901, which amended act is as follows, to-wit: "There shall be elected in like manner as judges are elected, for each of such courts a clerk who shall hold his office for a term of four years, and until his successor shall be elected and qualified. He shall be commissioned, have the same powers, perform the same duties, be subject to the same liabilities, and be entitled to like fees as are now, or may hereafter, from time to time, be provided by law in regard to circuit clerks, in the county in which said city may be situated, and a *per diem* fee of six dollars for attendance upon said court, which *per diem* fee shall be paid by the city in which said court is situated."

On the election of defendant in error he became entitled to a *per diem* fee of six dollars for attendance upon the court under the express provisions of the two acts as above stated in reference to clerks of city courts and circuit court clerks.

The amount defendant in error was entitled to receive was definitely fixed at six dollars per day. Any change in the rate *per diem* or the number of days on which such *per diem* should be calculated would be in violation of that constitutional provision, which prohibits the increase or diminution of the fees, salary, or compensation of municipal officers during their term of office.

It is insisted by plaintiff in error that the act of June 10, 1911, which states expressly, that the city in which the court is situated shall pay the *per diem* fee cannot be invoked by defendant in error to sustain his recovery, since this act became law after defendant in error was elected and therefore comes within the constitutional inhibition. This contention to avail, must rest on one of two things, either the rate *per diem* or the length of service must be changed, or there will be no violation of the constitution.

The act of June 10, 1911, leaves the *per diem* and service as it was before, and at the time of the election of defendant in error.

The amendment simply designated the party who should pay, and there being no dispute about the number of days of service, the City Court of Granite City properly entered judgment for the number of days service at the fixed rate of six dollars per day. The other questions raised on the argument are not sufficient to defeat the judgment and the case will therefore be affirmed.

*Affirmed.*